David CHRISTENSEN, Appellant,

v.

SHELBY COUNTY, Iowa, Appellee.

No. 62049.

Supreme Court of Iowa.

Jan. 23, 1980.

Bennett Cullison, Jr., of Cullison & Cullison, Harlan, for appellant.

Robert Kohorst, of Louis, Moore & Kohorst, Harlan, for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

REES, Justice.

The plaintiff, David Christensen, appeals from the sustention by the trial court of defendant's motion for a new trial following the return of a jury verdict for the plaintiff. We affirm.

Plaintiff's petition was filed on April 14, 1977, in which it was alleged that the negligence of employees of the defendant county in obstructing both lanes of a road with county vehicles caused Christensen's milk transport truck to leave the road, resulting in damage to the tank and body of the vehicle.

Trial of the case was had in January of 1978. Brian Christensen, nephew of plaintiff and driver of the truck, testified he saw two county maintenance trucks parked so as to partially block both lanes of traffic as he came over a steep hill. Unable to stop, he was forced to drive the bulk tank truck into the ditch. He further testified, without objection, to the absence of any warning signs or devices.

Considerable testimony appears in the record regarding the measures which plaintiff took to maintain his milk hauling business while his truck and tank were being repaired. The truck was repaired locally, but the tank could only be repaired at its place of manufacture in Madison, Wisconsin. Due to the unavailability of bulk tank trucks on the local market, Christensen rented a chassis in Omaha and a tank from the manufacturer in Madison. The bill for the rental of the chassis, which became a bone of contention, came to a total of $8400.

Before submission of the case to the jury, the defendant objected to an instruction dealing with the defendant's duty to warn, contending that it was not supported by the pleadings. Defendant's challenge was overruled and a verdict for the plaintiff was returned in the amount of $18,232.02.

The defendant filed a timely motion for a new trial which the trial court sustained on the following three grounds:

(1) The maximum value of plaintiff's vehicle immediately before the accident was shown to be $16,700, an amount which the judgment should not have exceeded;

(2) the trial court erred in admitting the $8400 rental bill due to the lack of "sufficient competent, material evidence in the record to support the same;" and

(3) the instruction on failure to warn ought not to have been given as the alleged violation had not been pleaded.

Timely appeal from the order of the trial court sustaining defendant's motion for new trial was taken by the plaintiff, and the validity of the aforementioned alternative grounds have become the issues in this appeal. As we find merit in at least one of the foregoing grounds, we affirm the ruling of the trial court.

Before reaching the merits of this case, we note that in ruling upon motions for new trial the trial court has a broad, but not unlimited, discretion in determining

whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). We are also slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(4).

I. We first analyze the issue of the admission of the truck chassis rental bill, as we find it dispositive of this appeal.

■ The trial court concluded that the record before it did not justify admission of the truck chassis rental bill. It did not specify with precision wherein the record was deficient, but we assume, from examination of defendant's motion, that the trial court found there had been no record showing that the rental value of the chassis for the months in question was fair and reasonable. In light of the record as developed at trial, we conclude that the trial court did not abuse its discretion in sustaining defendant's motion on this ground.

■ The *reasonable* cost of repairs, or for loss of use, is always admissible on the question of damages. *State v. Urbanek*, 177 N.W.2d 14, 16 (Iowa 1970); *Knaus Truck Lines, Inc. v. Commercial Truck Lines, Inc.*, 238 Iowa 1356, 1366–67, 29 N.W.2d 204, 210 (1947). There is no showing in the record before us that the chassis rental expense incurred by the plaintiff was reasonable. In fact, the only evidence relating to this question, a deposition from the district manager of a truck rental firm, indicated that he thought the rental rate was somewhat high, rather than reasonable. Thus, no showing was made regarding the reasonableness of the chassis rental rate. In light of this foundational inadequacy and the likely impact of the rental bill's admission on the verdict, we hold that the trial court did not abuse its discretion in granting a new trial.

We by no means intend to imply that the rental bill cannot be admitted at the new trial, provided its reasonableness can be established. We merely find an inadequate showing of the reasonableness of the rate charged in the record before us.

II. Because they may recur on retrial, we will briefly address the remaining alter-native bases referred to by the trial court in sustaining defendant's motion.

The trial court concluded that the value of plaintiff's vehicle was a maximum of $16,700 and that the jury verdict, to the extent it exceeded such amount, was impermissible under law. The general rule on damages to automobiles and to other vehicles has recently been stated in *Harlan v. Passot*, 260 Iowa 501, 506–07, 150 N.W.2d 87, 90–91 (1967):

> Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the car while being repaired with ordinary diligence not exceeding the value of the car before the injury.

Were we able to accept the trial court's computation of the value of plaintiff's vehicle, we would agree that the limitation on damages had been exceeded. This we are unable to do.

■ In determining the maximum value of plaintiff's vehicle immediately prior to the accident, the trial court added the market value of the truck with the market value of the bulk tank. Plaintiff contends this results in the value of the whole vehicle being underestimated. We agree. Such a calculation, as undertaken by the trial court, omits consideration of a utility factor which may enhance the value of the vehicle beyond the value of its parts. *Western Union Telegraph Co. v. State Board of Equalization*, 91 Mont. 310, 324, 7 P.2d 551, 553 (1932). The record does not indicate the existence of a local market for vehicles such as the one involved in this case. In that event, the measure of value should be based on the actual value of the tank truck to the plaintiff. *State v. Urbanek*, 177 N.W.2d at 16. Upon remand plaintiff should be permitted to offer evidence of preaccident value in accordance with this standard.

■ III. The trial court also concluded it had erred in instructing the jury on de-

fendant's duty to warn of obstructions on the road since plaintiff had not pled such a duty in his petition. We disagree and find the instruction justified by the record.

Iowa Rule of Civil Procedure 69 requires, in part, that a petition contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Iowa R.Civ.P. 69, *as amended by* 1976 Session, 66th G.A. ch. 1264. According to the Comment accompanying rule 69, 1 Iowa R.Civ.P. Ann. 73 (West Supp.1979):

> Proposed Rule 69(a) adopts Federal Rule 8(a) which uses the concept of a "claim for relief" or a "claim", which has been defined as "the aggregate of operative facts which give rise to a right enforceable in the courts". *Original Ballet Russe, Limited v. Ballet Theatre, Inc., et al.,* 133 F.2d 187 (2d Cir. 1943). The function of Federal Rule 8 is explained in *United States v. Metro Development Corporation,* 61 F.R.D. 83, 86 (1973), as follows: "Rule 8 forms the cornerstone of the system of pleadings under the Federal Rules of Civil Procedure. Under that rule, the principal function of pleadings is to give the adverse party fair notice of the claim asserted in the form of a generalized summary sufficient to allow that party to make an adequate response. 2A Moore's Federal Practice, Para. 8.13 (1972); 5 Wright & Miller, Federal Practice and Procedure, Civil § 1202 (1969)." It will no longer be necessary to determine whether the rigid requirements of a "cause of action" have been pleaded.

■ The rule does not require that specific theories be pled in the plaintiff's petition. This is made clear by the case law under the analogous federal rule, which we find persuasive in interpreting our rules, *Tip-Top Distributing Co. v. Insurance Plan Savings and Loan Association,* 197 N.W.2d 565, 568 (Iowa 1972). "Under Rule 8, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. It is not necessary to set out the legal theory on which the claim is based." *Siegelman v. Cunard White Star,* 221 F.2d 189, 196 (2d Cir. 1955).

2A Moore's Federal Practice § 8.14 (3d ed. 1972). Only a general statement of the claim is required. As noted by the Eighth Circuit Court of Appeals in *Clausen & Sons, Inc. v. Theo Hamm Brewing Co.,* 395 F.2d 388, 390 (8th Cir. 1968) (emphasis added): "The clear purpose of the rule is to give notice to the other party and *not to formulate issues* or fully summarize the facts involved." It therefore follows that a specific theory of recovery need not be pled to justify an instruction on that theory. What would appear to be essential is that any requested instruction must be so related to the pleadings as to logically follow from the statement of the claim therein, thus giving the adverse party "fair notice of the nature of the claim" and ensuring an opportunity to litigate the same. This determination would lie in the discretion of the trial court.

■ The case on which the defendant relies is not inconsistent with the position stated above. In *Johnson v. Weyerhauser Co.,* 189 F.Supp. 735, 736 (D.C.Or.1969), the district court said that a petition in negligence must either allege the duty which the defendant owed to the plaintiff *or* state the basis for the claim from which the law would imply the existence of a duty. We first note that the district court was applying Oregon law. Id. at 736. The Oregon rule does not differ greatly from our own. *See* Or.Rev.Stat. § 16.210(2)(b) (The first pleading must contain "[a] plain and concise statement of the facts constituting the cause of action, without unnecessary repetition."). Nor would a different result be mandated by this standard. Specific pleading of a duty is not necessary if the existence of a duty may be logically inferred from the claim stated in the petition.

We conclude the existence of a duty to warn and its alleged violation logically follow from a reading of the petition in this case. The petition alleges the county was negligent "in failing to maintain a proper lookout at the time and place of said collision". Although a duty to maintain a safe "lookout" is usually attributed to cases involving moving traffic, the pleading clearly brings the adequacy of any warning into

issue. The defendant was given reasonable notice of the nature of Christensen's claim and, given the additional evidentiary basis in the record, cannot claim to have been surprised by the "duty to warn" instruction. There was an adequate basis in both the pleading and the evidence to justify submission of the "duty to warn" instruction to the jury.

IV. In conclusion, we hold the trial court did not abuse its discretion in granting defendant's motion for a new trial due to the absence in the evidentiary foundation of a showing that the chassis rental bill was a reasonable expense. The order and judgment of the trial court sustaining defendant's motion for a new trial is therefore affirmed.

AFFIRMED.