Lowell SOIKE and Karen Soike,
Appellees,

v.

EVAN MATTHEWS AND COMPANY,
Appellant.

No. 64656.

Supreme Court of Iowa.

March 18, 1981.

Dell A. Richard of Oehler, Radig, Muller & Richard, P. C., Iowa City, for appellant.

Patricia C. Kamath, Iowa City, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McGIVERIN and LARSON, JJ.

LARSON, Justice.

Lowell and Karen Soike retained Evan Matthews and Company to do cement work for their new house. When it appeared the house has been "staked" too low in relation to the street, the Soikes sued the contractor. While the petition and pretrial orders referred to duties arising out of the contract, the jury was also instructed on the theory of negligence. Matthews complains on appeal that it was error for the trial court to instruct the jury on negligence arising out of the performance of the contract because (1) the "staking" of the house was voluntarily assumed, and independent of its duties arising under the contract, and (2) submission of that issue was outside the scope of issues framed by the plaintiff's petition and

the court's pretrial orders, which referred only to duties arising out of the contract. Matthews also contends the question whether a duty of care was owed by it in connection with the staking of the house was a question of law for the court, and that the court erred in submitting it to the jury. We conclude the issue of negligence in staking the house was properly submitted under the record of the case, and that it did not constitute an impermissible shifting to the jury of the decision on the existence of a legal duty. We affirm the trial court.

The facts bearing on these issues are virtually undisputed. Matthews, a cement contractor, was low bidder on a project to pour the foundation and concrete flatwork on the home. The written contract which followed did not deal with the responsibility to set the elevation of the house; however, Matthews voluntarily assumed this responsibility. Matthews concedes on appeal that as a result of negligence in surveying the lot the foundation was built too low in relationship to the street. It contends the negligence, however, was that of the Soikes, whose directions were merely carried out by Matthews.

I. Matthews first contends that any negligence in surveying was improperly submitted "when plaintiffs at all times maintained that the action was founded on contract alone." However, the petition referred to an attached, written contract for the concrete work *and* to Matthew's assumption of the surveying responsibilities. It alleged negligence as to the surveying because it was "not done with proper regard for the topography of the lot, resulting in the basement being dug too low." Pointing to the contents of the petition, Matthews contends it was clearly based upon negligence in performing the contract, not upon a claim arising *outside* the contract by the voluntary assumption of a duty. It concludes that the petition, as framed, misled the company in the preparation of its defense. Matthews also points to the plaintiffs' pretrial statement of issues, (Iowa R.Civ.P. 136(b)(5)), referring to "the contract relied upon" and "the specific breach

of contract," as well as the wording of the court's final pretrial order identifying the issue as a "[b]reach of construction contract *and duties thereunder*" (emphasis added) to support its claim that it was misled about the nature of the case. Matthews contends that the petition and pretrial order would permit a verdict for breach of contract and maybe one for negligence in the performance of contractual duties, but certainly not one for negligence in performing duties arising outside of the contract. This narrow view of the scope of the issues, however, is not supported by an examination of the petition and pretrial proceedings, and is inconsistent with our rule of "notice" pleading.

We note, first, that the petition could reasonably be construed to allege both a claim under contract and a parallel duty of due care in respect to the surveying. Following allegations concerning the concrete work which was to be performed under the contract, the petition alleged Matthews' assumption of the surveying responsibilities and its negligence in performing them. Second, and more significantly, the petition was not required to identify a specific legal theory; it is sufficient if the prima facie elements of a claim are stated, and this statement is "fair notice" to the defendant. *Lamantia v. Sojka,* 298 N.W.2d 245, 247 (Iowa 1980). Under such "notice pleading," Iowa R.Civ.P. 69(a), it is sufficient if the petition apprises a defendant of the incident giving rise to the claim and of the general nature of the action. *Id.* The petition here was sufficient to apprise the defendant of the facts out of which the claim arose and of the general nature of the action, *i. e.,* a claim for negligent placement of the house. To require the plaintiffs to go further and identify the specific legal theory underlying the claim would be inconsistent with the notice pleading concept in rule 69(a), requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Lamantia v. Sojka, id.;* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1202, at 59–66 (1969).

There is an added dimension in this case: the trial court's pretrial order arguably gave the impression the action was one for contract violations, not for breach of a separate duty. Matthews contends that the order, in effect, excised the claim of negligence in surveying because this was not a part of the contract. Relying upon *Gray v. Schlegel*, 265 N.W.2d 156, 158 (Iowa 1978), it argues that since a pretrial order may amend the pleadings, the court's order was a "clarification of the petition" and, in order to present a theory of negligence not arising out of the contract, it was necessary for the court to modify it or for the plaintiffs to seek leave to amend their petition.

While a pretrial conference is a recognized means of narrowing the issues, 5 Wright & Miller, *supra*, at 59–60, Matthews claims too much for that procedure here. The trial court's pretrial statement of issues is necessarily based upon information furnished it by the parties. *See* Iowa R.Civ.P. 136(b)(5), 138. The pretrial statements of issues presented by both parties left considerable room to maneuver; the plaintiffs said the issue was "whether or not the subcontractor assumed the responsibility for correct placement of the house upon the land and what duties arose when the defendant undertook to stake the lot and what obligations the defendant had to the plaintiffs and did he properly fulfill these duties . . . ." In its pretrial statement Matthews identified only one issue: "Does Plaintiffs' remedy lie in breach of contract or in negligence?" The trial court's pretrial order contained this statement of issues: "Breach of construction contract and duties thereunder . . . . Work was not completed in a fair and workmanlike manner. Defendant's theory is that Defendant fully performed the contract in a fair and workmanlike manner." One of the disputed facts at the time of the final pretrial conference was which party, Matthews or the Soikes, made the decision on the location of the stakes. Matthews claimed Soikes were, in effect, general contractors, and it was only carrying out their orders. Thus, even under Matthews' own pretrial statement, the staking could fairly be stated to be a "duty arising out of the contract."

■ It is clear that the parties, who apparently undertook no discovery proceedings, did not know themselves at the time of the pretrial hearing what the specific issues would be. The trial court's pretrial order merely reflected that fact. During the trial the Soikes were requested to advise the court whether they relied upon "a theory of contract breach or . . . on a negligence growing out of a contract duty or *other* duty". (Emphasis added.) In their response, they indicated a reliance on the negligence theory. No amendment to the petition was requested, apparently because, as the court pointed out at that time, the petition was susceptible to both contract and negligence interpretations. Although Matthews amended its answer, after leave was granted, it merely alleged that the Soikes' negligence was the sole proximate cause of the damage. At no time prior to objections to the court's final instructions did Matthews articulate to the court its complaint that the issues framed by the pleadings and pretrial order would not accommodate a theory of negligence in performance of a duty not covered by the contract. Even then it did not show any prejudice to it in presentation of a defense, nor does it now make such claim. It is difficult in fact to see how Matthews could be surprised or prejudiced by the submission of the issue of its alleged negligence in staking the house. The real issue was whether it was Soikes' or Matthews' negligence that was responsible for the staking error, not the collateral question of whether Matthews' duty of care arose from within or without the contract.

We believe the issues were not restricted in the manner now complained of by Matthews, either by the petition or the court's pretrial order, and the issue of negligence in surveying was properly submitted to the jury.

■ *II.* Matthews contends that the court erred in not making the preliminary legal determination of whether any duty was owed to the Soikes in respect to the

survey before submitting the issue of negligence to the jury. The question of whether a duty arises out of the parties' relationship is always a matter of law for the court. *See Porter v. Iowa Power and Light Co.,* 217 N.W.2d 221, 228 (Iowa 1974); W. Prosser, *Handbook of the Law of Torts* § 37, at 206 (Fourth ed. 1971); 57 Am.Jur.2d *Negligence* § 36, at 384 (1971).

In its ruling on Matthews' motion for judgment notwithstanding the verdict, Iowa R.Civ.P. 243, the trial court stated that the Soikes "have established a question of fact as to whether or not there was a contractual duty and negligence on the part of the performance of that duty." Matthews points to this language in contending the court erroneously treated the existence of the negligence duty as a fact issue for the jury. While the quoted language standing alone supports that contention, examination of the record shows that by submitting the issue of negligence to the jury, the court *did* determine the existence of a duty as a matter of law. There was evidence in the record upon which the jury could reasonably base a verdict under either theory.

 Matthews also complains that submission of the gratuitous-duty issue, which it claims was not within the parameters of the pleadings or pretrial order, denied it due process of law. However, as we held in Division I, this issue was within the parameters of issues. Furthermore, we see nothing in the record to indicate it raised this argument in the trial court. Issues raised on appeal, even those of constitutional dimension, will not be considered for the first time on appeal. *Thiele v. Whittenbaugh,* 291 N.W.2d 324, 327 (Iowa 1980).

We find no error. The judgment is affirmed.

AFFIRMED.