**SULZBERGER EXCAVATING, INC., Plaintiff/Cross-Appellant,**

v.

**Milo E. GLASS, Jerolene E. Glass, First National Bank of Davenport, and Brenton First National Bank, Defendants-Appellants.**

No. 2–69319.

Court of Appeals of Iowa.

March 20, 1984.

**190**

John J. Carlin, Davenport, for defendants-appellants.

Patrick M. Ryan of Hintermeister & Ryan, Muscatine, for plaintiff/cross-appellant.

Heard by OXBERGER, C.J., and SNELL and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Defendants appeal and plaintiff cross-appeals from the trial court's judgment in an equitable action to enforce and foreclose a mechanic's lien. Defendants assert that the plaintiff failed to establish the existence of an oral contract as stated in its pleadings, that the work was not substantially performed in a reasonable and workmanlike manner resulting in fitness for the intended purpose, and that the plaintiff failed to establish the reasonableness of the charges used by the trial court to calculate plaintiff's damages. The plaintiff, Sulzberger Excavating, Inc., asserts on cross-appeal that evidence did not support the claim of damages by defendants based on delay in completion of the project and that the trial court erred in calculating plaintiff's damages and certain damages suffered by defendants. We affirm on both appeals.

Plaintiff contractor filed a petition seeking enforcement of a mechanic's lien alleging that defendant Milo Glass had failed to pay the agreed price for road construction work performed under an oral contract whereby plaintiff was "to provide all necessary labor, materials, equipment, rough grading, surveying and excavating." After having previously performed work for Glass, Sulzberger was asked to look at a proposed project involving the construction of a "commercial" road, a "service" road, and the leveling of a proposed building site. Sulzberger testified that he agreed to do the work at a total cost of $5,000 to $6,000 for the "commercial" road and $65 per hour for the "service" road. Glass testified that $5,000 to $6,000 was an estimate of the total cost of all work and, based upon that understanding, refused to pay

the additional $27,611.02 sought by Sulzberger after more than $5,000 had been paid. Glass filed a counterclaim alleging that the work was not performed in a timely and workmanlike manner and was unfit for the intended purpose.

Conflicting evidence was presented concerning the reasonableness of Sulzberger's charges and the manner in which he performed the work. A civil engineer testified that the work could have been performed for a substantially lower cost and that culverts and ditch blocks should have been, but were not, used in order to prevent serious erosion problems that developed in connection with construction of the "service" road. Sulzberger and his employees testified that any inefficiency resulted from the interference of Glass and his wife and their directions as to how the work was to be performed. The trial court found that plaintiff was entitled to $30,903.52 for work performed and set off against that amount $5,925 paid by defendants and $8,000 in damages to which defendants were found to be entitled, resulting in a $16,978.52 judgment for plaintiff to be secured by a mechanic's lien on the real estate.

I. *Jurisdiction of the Appeal.* The trial court filed a judgment on August 20, 1982, entitled "FINDINGS OF FACT AND CONCLUSIONS OF MECHANICS LIEN FORECLOSURE." The last sentence of the trial court's findings directed the plaintiff's attorney to prepare a judgment entry and a decree of foreclosure in keeping with the findings contained within its findings and to submit the judgment entry and decree of foreclosure to the court. Subsequently, both parties filed motions to enlarge the findings pursuant to Iowa Rule of Civil Procedure 179(b). Notices of appeal and cross-appeal were filed following entry of the order overruling both parties' motions to enlarge. No judgment entry as contemplated by the last sentence of the trial court's decree has been filed.

 A party may not appeal of right without entry of a final judgment. *In re the Marriage of Steenhoek,* 305 N.W.2d

448, 450 (Iowa 1981); *Recker v. Gustafson,* 271 N.W.2d 738, 739 (Iowa 1978). This jurisdictional question may be raised, on our own motion, at any stage of the proceedings. *Id.* We find it unnecessary to decide whether the parties appealed from a final judgment, however, because we believe that under the circumstances it is appropriate for us to entertain the appeal under Iowa Rule of Appellate Procedure 1(c).

 One of the policy considerations underlying Iowa Rule of Appellate Procedure 1(c) is to avoid the problem of appeals being aborted as premature or denied as too late, due to misapprehension as to their finality. *Smith v. Korf, Diehl, Clayton and Cleverley,* 302 N.W.2d 137, 139 (Iowa 1981). The trial court's original order clearly set out the terms of the judgment and the trial court summarily overruled both parties' motion to enlarge. Consideration of the substantive issues raised in this case is appropriate. We consider this "appeal" as an application for interlocutory appeal under Iowa Rule of Appellate Procedure 2, grant it, and proceed to resolve the issues raised.

 II. *General Principles.* An action to enforce a mechanic's lien is in equity. *Ringland-Johnson-Crowley Co. v. First Central Service Corp.,* 255 N.W.2d 149, 151 (Iowa 1977); Iowa Code § 572.26 (1983). Consequently, review is **de novo.** Iowa R.App.P. 4.

It is our responsibility to review the whole record and determine from the credible evidence rights anew on those propositions properly presented, provided issue has been raised and error, if any, preserved in the course of trial proceedings. While weight will be given to findings of the trial court, this court will not abdicate its function as triers **de novo** on appeal.

*Ringland-Johnson-Crowley Co. v. First Central Service Corp.,* 255 N.W.2d at 151. The Iowa Supreme Court has also stated:

In mechanic's lien cases, involving as they do numerous charges and counter

charges which depend entirely on the credibility of the parties, we have frequently held the trial court is in a more advantageous position than we to put credence where it belongs.

*McDonald v. Welch,* 176 N.W.2d 846, 849 (Iowa 1970) (citations omitted).

■ The burden of proof is upon the mechanic's lien claimant. *Ringland-Johnson-Crowley Co. v. First Central Services Corp.,* 255 N.W.2d at 151. To be entitled to a mechanic's lien, there must be an express contract or such a state of facts as will give rise to an implied contract. *Id.* If there is no express agreement as to the amount of compensation to be paid; the law implies a promise to pay a reasonable compensation. *Olberding Construction Co., Inc. v. Ruden,* 243 N.W.2d 872, 875 (Iowa 1976).

III. *Existence of Contract.* The plaintiff alleged in its petition that the parties entered into a contract concerning the defendants' proposed project on December 13, 1980. The defendants, Milo and Jerolene Glass, denied that the parties entered into a contract on that date but admitted that there was a "contractual relationship" between the parties. The defendants assert on appeal that the plaintiff, by pleading only an express oral contract, could not recover on a theory of implied contract and that the plaintiffs failed to establish the existence of an express oral contract permitting recovery of the amount sought. The defendants argue that the plaintiff's recovery for services provided is limited by its "$5,000 to $6,000 estimate."

A. *Pleading.* Traditionally, it has been held in Iowa that one who pleads an express oral contract alone cannot ordinarily recover upon an implied contract or quantum meruit. *Carlson v. Maughmer,* 168 N.W.2d 802, 803 (Iowa 1969); *Guldberg v. Greenfield,* 259 Iowa 873, 878, 146 N.W.2d 298, 301 (1966); *Maasdam v. Estate of Maasdam,* 237 Iowa 877, 884, 24 N.W.2d 316, 320 (1946). Plaintiff asserts, however, that the advent of notice pleading overruled this technical rule and that the de-

fendants were simply entitled to fair notice of the claim asserted.

■ Iowa Rule of Civil Procedure 69 requires, in part, that a petition contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule does not require that specific theories be pled in the plaintiff's petition. *Christensen v. Shelby County,* 287 N.W.2d 560, 563 (Iowa 1980). Only a general statement of the claim is required. *Id.* The court in *Christensen* stated the test to be applied in determining whether a specific theory may be instructed on even though it was not pled as follows: "[w]hat would appear to be essential is that any requested instruction must be so related to the pleadings as to logically follow from the statement of the claim therein, thus giving the adverse party 'fair notice of the nature of the claim' and ensuring an opportunity to litigate the same." *Id.* at 563.

The court in *Gosha v. Woller,* 288 N.W.2d 329, 331 (Iowa 1980), recognized that the rule relied upon by the defendants reflected the Iowa law before the advent of "notice pleading." In that case the plaintiff had sought recovery from the defendant for breach of oral and written warranties in the construction of a house. *Id.* at 330. Despite the fact testimony was elicited by the plaintiff's attorney relevant to a theory of implied warranties, no mention was made of any theory of recovery other than the breach of the express warranties. *Id.* at 330. The court concluded that this type of variance between the pleadings and proof was dealt with by Iowa Rule of Civil Procedure 106. Under that rule the court must "determine whether the variance was so substantial as to mislead the defendants and to prejudice them in the preparation of their response to the allegations." *Id.* at 330. The trial court in *Gosha* adopted a theory of implied warranty of habitability in the sale of a new home which had not previously been adopted in Iowa. The supreme court held that under the circumstances of that case, defendants were not given notice of the theory relied upon suffi-

cient to allow them to make an adequate response. *Id.* at 331.

▮ In *Soike v. Evan Matthews and Co.*, 302 N.W.2d 841, 842–43 (Iowa 1981), the court noted that a petition is "not required to identify a specific legal theory; it is sufficient if the prima facie elements of a claim are stated and this statement is 'fair notice' to the defendant." The plaintiff had sought recovery for negligence in the construction of a house. The defendant argued that the petition was based on negligence in performing the contract, not upon a claim arising outside the contract by a voluntary assumption of a duty. *Id.* at 842. The court noted that the petition could reasonably be construed to allege both a claim under contract and a parallel duty of due care in respect to the surveying. Most importantly, the court noted the petition was not required to identify a specific legal theory. *Id.* The court in *Soike* continued on to say "... it is sufficient if the prima facie elements of a claim are stated, and this statement is 'fair notice' to the defendant. Under such 'notice pleading,' Iowa R.Civ.P. 69(a), it is sufficient if the petition apprises a defendant of the incident giving rise to the claim and of the general nature of the action.... To require the plaintiffs to go further and identify the specific legal theory underlying the claim would be inconsistent with the notice pleading concept in rule 69(a), requiring only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " (citations omitted). *Id.* at 842. Notice pleading does not require the pleading of ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the defendant of the incident must be included in the petition in order to provide "fair notice" of the claim asserted. *Schmidt v. Wilkinson,* 340 N.W.2d 282, 283 (Iowa 1983).

▮ The crux of the defendant's argument is that the plaintiff should not be permitted to recover amounts in addition to that originally agreed to by the parties because the plaintiff's petition seeks recovery only on the express oral contract made between the parties and not upon any implied contract which later arose between the parties as a result of the defendants' actions. We disagree. The defendants' argument relies upon a more narrow view of notice pleading concepts than that adopted by the Iowa Supreme Court in the caselaw discussed above. Recovery upon an implied contract theory for the additional work and changes requested in the construction project by the defendants is not a new theory of Iowa law. *See Olberding Construction Co., Inc. v. Ruden,* 243 N.W.2d 872 (Iowa 1976); *Guldberg v. Greenfield,* 259 Iowa 873, 146 N.W.2d 298 (1966) (a contract is implied in fact, commonly called an implied contract, when the parties show their assent by acts). We construe the plaintiff's petition as giving fair notice to the defendants of the nature and extent of the plaintiff's claim. The petition specifically describes the area where the construction project occurred, the amounts claimed and the construction work upon which the plaintiff bases its claim. The plaintiff's petition sufficiently apprises the defendants of the incidents giving rise to the claim and the general nature of the action; a contract action based on the construction project. As such, it is sufficient under our rules of notice pleading. Iowa R.Civ.P. 69(a).

B. *Contractual Relationship.* The defendants assert that plaintiff has failed to meet its burden to establish a contractual relationship entitling it to enforcement of its mechanic's lien. The defendant asserts that the parties did not manifest a mutual unequivocal assent to the terms of a contract, either express or implied. The defendant also asserts that, assuming there was an implied contract, in cases where there is an express contract and an implied contract relating to the same subject matter, the express contract supersedes the implied contract.

The trial court found that the parties had entered into an express contract in May, 1980, based on general information given by the defendants as to what the construction project would entail. However, the

defendants made several changes and additions to the project as the construction was in progress. The exact terms of the agreement and the extent of the changes in the construction project requested by the defendants were sharply disputed. Upon our **de novo** review, we adopt the trial court's findings of fact as to the terms of the original agreement made by the parties and the subsequent changes requested by the defendants. Despite the defendants' contention to the contrary, we believe the trial court's decision adequately sets out the terms of the parties' oral agreement and the subsequent changes made in that agreement. We agree that the facts show the parties mutually agreed to the original terms of the contract and that both parties acquiesced in the subsequent changes and additions requested by the defendants.

Moreover, we do not believe the rule that an express contract supersedes an implied contract relating to the same subject matter applies in this case. *See Maasdam v. Maasdam's Estate*, 237 Iowa 877, 887, 24 N.W.2d 316, 321 (1946). The facts in this case indicate that any implied contract which arose as a result of the parties' actions covered only those points not agreed to in the express contract. An implied contract on a point not covered by an express contract is not superseded by the express contract. *Id.; see also* 17A C.J.S. *Contracts* § 364 at 368–69 (1963).

We also do not believe this is a proper case for application of the rule that where a contractor submits an estimate, the contractor can recover for the reasonable value of the services rendered, but not exceeding the larger sum given in the estimate. *See* 17A C.J.S. *Contracts* § 363 at 367–68 (1963). No estimate was given as to the extensive changes and additions ordered by the defendants and built by the plaintiff. The only estimate given was made in reference to the road grading and construction site based on the information supplied by the defendants at the time the original oral contract was entered into. *Denniston and Partridge Co. v. Mingus*, 179 N.W.2d 748, 752–53 (Iowa 1970).

Based upon the foregoing, we hold that the plaintiff did establish the existence of an express oral contract and the existence of an implied contract relating to the changes and additions subsequently requested by the defendants, permitting it to recover the reasonable value of its services rendered thereto.

IV. *Recovery on Contract.* The defendants assert on appeal that the plaintiff is required to prove in this case that the work was completed in a reasonable and workmanlike manner so as to accomplish its intended purpose. The defendants contend that they relied upon the plaintiff as an "expert in road building" and that the plaintiff's failure to provide erosion control resulted in the "service road" being unusable and the "commercial road" and building site suffering damage.

The trial court found, however, that under the agreement between the parties the defendants were to provide the erosion control. The parties had been involved in two prior road construction projects. One project was a road to their existing location on the land involved here. That road had been designed by an engineer and a contractor (not the plaintiff) had supervised the construction. All the erosion control on that project was done successfully by the defendants. Although the plaintiff's president was initially shown a hand-drawn sketch of the present project, there were no engineering drawings or specifications available and this project was supervised by the defendants. We believe substantial evidence shows that the defendants assumed the obligation to provide erosion control and supervision of the project. This holding disposes of the defendants' claim of negligence in failing to provide erosion control, which they assert by way of defense and counterclaim. *See Larsen v. United Federal Savings and Loan Association of Des Moines*, 300 N.W.2d 281, 285 (Iowa 1981) (existence of a duty is a prerequisite to establishing a claim of negligence).

The defendants would also have us apply a theory of implied warranty of fitness for a particular purpose to these facts. *See Semler v. Knowling,* 325 N.W.2d 395, 399 (Iowa 1982); *Farm Bureau Mutual Insurance Co. v. Sandbulte,* 302 N.W.2d 104, 110–11 (Iowa 1981). The defendants did not rely upon the plaintiff to insure the roads were fit for a particular purpose and, in fact, assumed a supervisory position over the project and undertook to provide the necessary erosion control for the project.

■ We find that plaintiff has met its burden to show performance under the contract. The evidence shows that both roads were substantially completed as requested and that the building site, with minor exceptions, was completed as requested by the defendants.

V. *Compensation and Damages.* The trial court found that plaintiff had expended a total of 450 hours of machine work at sixty-five dollars per hour for a total of $29,250 and that plaintiff had expenses of $1,653.52; for a total cost on the project of $30,903.52. The trial court also allowed defendants $8,000 in damages on part of their counterclaim. Both parties appeal the trial court's decision.

The plaintiff billed the defendants for 472½ hours at sixty-five dollars per hour, three hours at sixty dollars per hour, thirty-four hours at forty-five dollars, and twelve hours at twenty-five dollars per hour for a total hourly bill of $32,722.50. The plaintiff also billed the defendants for expenses of $813.52 (red rock) for a total bill of $33,536.02. The trial court found as follows: "That the plaintiff—at the request of defendants—expended a total of 450 hours of machine work at $65 per hour for a total of $29,250, and plaintiff had expenses of $1,653.52 for a total incurred cost on the project of $30,903.52." The trial court reduced the hourly amount claimed by plaintiff on the project because of its finding, based upon the evidence, that the plaintiff had incurred additional "down" time not deducted from the total hours charged and that plaintiff had not utilized

its machines in the most efficient manner possible resulting in hours of time for which the defendants received no benefits.

Upon our review of the record, we agree with the trial court's assessment of the evidence that plaintiff's machines were not run as efficiently as possible and that there was substantial down time shown on the record. The plaintiff claimed a total of 521½ hours on the entire project. The evidence presented by the defendant tended to show that this amount of time was excessive and that the total cost alleged by plaintiff was substantially greater than the value of the services rendered to defendants. The trial court accordingly disallowed plaintiff 71½ hours of time and allowed 450 hours at sixty-five dollars per hour. The trial court apparently disallowed all the hours for which plaintiff charged less than sixty-five dollars per hour and disallowed only twenty-two and one-half hours for which plaintiff charged sixty-five dollars per hour. The trial court also allowed expenses of $1,653.52. We, however, could only discover expenses of $813.52.

■ While we are inclined upon our review of the record to disallow more of the total hours claimed at sixty-five dollars per hour by plaintiff, and the additional expenses, we do not find it necessary to modify the trial court's decision on appeal. The trial court also allowed the defendants to offset $8,000 in damages it sustained as a result of plaintiff's failure to properly grade the building site. The defendants were unable to use the facilities in their horse training and breeding business because of improper drainage and were required to correct the situation themselves. Defendants had the burden to prove plaintiff's breach as alleged. *Denniston and Partridge Co. v. Mingus,* 179 N.W.2d 748, 755 (Iowa 1970). We agree with the trial court that defendants met their burden. However, the evidence shows that defendants were able to substantially correct the drainage problem within a short period of time. Moreover, the damages suffered by the defendants as a result of their alleged

inability to use the facilities on the building site were speculative and difficult to ascertain from the record. We are inclined upon our review of the record to reduce the amount of offset allowed the defendants. Offsetting this against the fact that the trial court allowed plaintiff more hours than we believe it was able to show on the record, the trial court's decision allowing plaintiff judgment for $16,978.52 [1] is equitable. We believe the trial court reached the right result and, therefore, any error in its findings is not prejudicial to defendants or plaintiff. *See Denniston,* 179 N.W.2d at 755.

VI. *Costs on Appeal.* The defendants request in an "Application to Assess Costs" that we assess plaintiff the costs of reproducing the additional portions of the record requested by the plaintiff. The defendants assert that "the appellee failed to consider the fact the entire record is available to the appellate court and thus the designation was unnecessary." This assertion, however, overlooks the purpose of the appendix to aid the court in the appellate process. We do agree that the appendix was lengthy in this case, but defendants have not pointed out those designations by plaintiff they believe were unnecessary. In view of our disposition of this case, we direct that court costs be apportioned one-half to plaintiff and one-half to defendants.

We affirm both the appeal and the cross-appeal.

AFFIRMED.

---

**1.** The total cost of the project to defendants was $22,903.52. The defendants have already paid plaintiff $5,925.00.