# IN THE COURT OF APPEALS OF IOWA

No. 15-2035
Filed March 8, 2017

**DAVID NEBEL d/b/a NEBEL ELECTRIC,**
    Plaintiff-Appellant,

**vs.**

**DAVID L. LOTT and JULIE A. LOTT, DUBUQUE BANK AND TRUST, and DUBUQUE CITY OF HOUSING SERVICES DEPARTMENT,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

Plaintiff appeals from the district court's grant of a directed verdict against him in his action to foreclose a mechanics' lien. **AFFIRMED IN PART AND REVERSED IN PART.**

Russel A. Neuwoehner of Lange & Neuwoehner, Dubuque, for appellant.

Susan M. Hess of Hammer Law Firm, P.L.C., Dubuque, for appellees David and Julie Lott.

Edward F. Henry of Fuerste, Carew, Juergens, & Sudmeier, P.C., Dubuque, for appellee Dubuque Bank and Trust.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

David Nebel filed a petition to foreclose his mechanic's lien on property owned by the Lotts, maintaining the Lotts owed him $9283.69 for materials and labor he provided doing electrical work on one of their rental properties. Following a hearing on the petition, the district court granted the defendants' motion for a directed verdict. On appeal, Nebel maintains the district court applied the wrong statute and, as a result, the defendants' motion for directed verdict was improperly granted. Nebel also challenges the district court's award of attorney fees to the defendants.

"An action to enforce a mechanic's lien is in equity and our review is de novo." *Giese Constr. Co. v. Randa*, 524 N.W.2d 427, 430 (Iowa Ct. App. 1994); *see also* Iowa Code § 572.26 (2011) ("An action to enforce a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith."). "In mechanic's lien cases, involving as they do numerous charges and counter charges which depend entirely on the credibility of the parties, we have frequently held the trial court is in a more advantageous position than we to put credence where it belongs." *Sulzberger Excavating, Inc. v. Glass*, 351 N.W.2d 188, 191–92 (Iowa Ct. App. 1984) (citation omitted).

Here, the court found that Nebel had failed to comply with the statute controlling the perfection of a mechanics lien, pursuant to Iowa Code section 572.8 (2013), and thus determined his petition to foreclose the lien failed. However, it is undisputed the court applied the wrong statute. Nebel filed his mechanic's lien in February 2012. In 2012, our legislature made a number of significant changes to the controlling statutes, but those changes were explicitly

stated to take effect on January 1, 2013.  *See* 2012 Iowa Acts ch. 1105 §§ 4, 27.

Thus, Iowa Code section 572.8 (2011) controls here.  That section provides:

> 1. A person shall perfect a mechanic's lien by filing with the clerk of the district court of the county in which the building, land, or improvement to be charged with the lien is situated a verified statement of account of the demand due the person, after allowing all credits, setting forth.
> *a.* The date which such material was first furnished or labor first performed, and the date on which the last of the material was furnished or the last of the labor was performed.
> *b.* The legal description of the property to be charged with the lien.
> *c.* The name and last known mailing address of the owner of the property.
> 2. Upon the filing of the lien, the clerk of court shall mail a copy of the lien to the owner.  If the statement of the lien consists of more than one page, the clerk may omit such pages as consist solely of an accounting of the material furnished or labor performed. In this case, the clerk shall attach a notification that pages of accounting were omitted and may be inspected in the clerk's office.

Iowa Code § 572.8.

Additionally, section 572.10 mandates what a plaintiff must do to perfect a lien "beyond ninety days after the date which the last of the material was furnished or the last of the labor was performed."  If more than ninety days has lapsed, the contractor must "fil[e] a claim with the clerk of the district court and giv[e] written notice thereof to the owner."  *Id.* § 572.10.

Considering the 2011 statute, we do not believe the district court's grant of a directed verdict for failure to comply with the statute was appropriate.  On its face, the lien comports with section 572.8 (2011).  It states Nebel began performing work and providing materials on February 14, 2011, and that he stopped on February 2, 2012.  *See id.* § 572.8(1)(a).  It also contains a legal description of the property on which he completed the work and a mailing

address for the Lotts. *See id.* § 572.8(1)(b), (c). Nebel did not provide written notice of the lien to the Lotts; however written notice is only necessary to perfect the lien if the lien is filed more than ninety days after materials and labor are completed. *See id.* § 572.10.

At the hearing in September 2015, it became clear that February 2, 2012, was not the last date on which material was provided or work performed. According to the testimony of the electrical inspector for the City of Dubuque, he had conducted an inspection of the electrical work at the property at the request of Nebel. Afterward, Nebel voided his permit—sometime at the end of 2011— likely on December 15, 2011.[1] Nebel testified his last date on the project was on the date he voided the permit; he relied on the inspector's testimony for the exact date. When asked if she could name the last date Nebel was on the job site, Julie Lott testified she did not know because she had moved to Florida on August 18, 2011, and she did not return to the site until April 2012, at which point the project had already been finished and the lien already filed.[2] Based on the record before us, there is nothing to suggest that Nebel's last date on the site was before November 18, 2011.[3] Thus, Nebel was not required to provide written notice to the Lott's to perfect the lien. *See id.* § 572.10.

Because Nebel has complied with the statutory requirements to perfect the lien, we consider the merits of Nebel's petition to foreclose the lien.

---

[1] Once the permit was voided, Nebel could not legally complete any additional work on the project.

[2] According to Julie, after she moved to Florida in August, her husband stayed behind to oversee the completion of the project. David Lott did not testify at the hearing.

[3] November 18, 2011, is ninety days before the mechanic's lien was filed, on February 16, 2012.

"The burden of proof is upon the mechanic's lien claimant." *Sulzberger*, 351 N.W.2d at 192. "To be entitled to a mechanic's lien, there must be an express contract or such a state of facts as will give rise to an implied contract." *Id.* "If there is no express agreement as to the amount of compensation paid[,] the law implies a promise to pay a reasonable compensation." *Id.*

Here, Nebel testified that there was no written contract for the work to be completed but that he had an agreement with the Lotts that they would pay him for "time and material" to complete the necessary electrical work on their "six-plex." When asked if there was a discussion with the Lotts about his hourly rate, Nebel testified, "I can't remember. I'm pretty sure I went through with it, but I can't—I can't tell you exactly what it was at that time." He later testified that he believed his rate in 2011 was "$65.00 an hour," journeymen received "35 or 40" dollars per hour, and "helpers" get "20, 25" dollars per hour.

Cancelled checks from the Lotts establish that Nebel was paid $20,493.00 over the life of the project.[4] Nebel's lien is for an additional $9283.69. In reviewing the receipts Nebel provided for the purchased materials—considering even those receipts that do not explicitly show the purchases were made for the Lotts' project—Nebel spent approximately $11,200 on materials. That leaves approximately $9,300 that was paid to Nebel for labor. At the hearing on the petition to foreclose, Nebel provided no breakdown (or even an estimate) of hours of work that were completed on the project in either written form or in his testimony. Here, we have no definitive hourly rate, no idea of numbers of hour

---

[4] Nebel also completed work on another project for the Lotts. There are two cancelled checks for that project totaling $5550, which we do not consider in the total paid to Nebel for purposes of the lien.

worked, and no idea which workers—Nebel himself, journeyman, or helpers—completed the work Nebel testified was done before he quit the job (before the project was complete). Without more information, it is impossible for us to say that Nebel is owed the $9283 based on either an express contract between him and the Lotts or because it is reasonable compensation for the work completed.

Nebel has failed to satisfy his burden, and we decline to foreclose the mechanic's lien.

Next, we consider Nebel's claim that the district court's award of "reasonable attorney fees" to the defendants was in error. In its denial of Nebel's petition to foreclose the lien, the court stated, "Reasonable attorney fees pursuant to Iowa Code chapter 572 are awarded to Defendants. Certification of attorney's fee shall be filed by affidavit." Following a hearing to determine the appropriate amount of fees, the court ordered Nebel to pay the total of the defendants' fees—$6870—pursuant to section 572.32.

While we applied the 2011 code in determining what Nebel was required to do to perfect the lien, his petition to foreclose the lien was not filed in court until 2014. Thus, the 2014 Iowa Code applies to the court action.[5]

Iowa Code section 572.32 (2014) provides:

> 1. In a court action to enforce a mechanic's lien, a prevailing plaintiff may be awarded reasonable attorney fees.
> 2. In a court action to challenge a mechanic's lien posted *on a residential construction property*, if the person challenging the lien

---

[5] Since 2014, the Iowa Code has been published annually, as opposed to every other year. *See* 2014 Acts ch. 1141, § 39 (amending Iowa Code section 2B.12, stating the "legislative services agency shall publish an annual edition of the Iowa Code as soon as possible, after the final adjournment of a regular or specially session of a general assemble," and removing the agency's ability to publish a Code Supplement in lieu of the Iowa Code).

> prevails, the court may award reasonable attorney fees and actual damages. If the court determines that the mechanic's lien was posted in bad faith or the supporting affidavit was materially false, the court shall award the owner reasonable attorney fees plus an amount not less than five hundred dollars or the amount of the lien, whichever is less.

(Emphasis added.) "Residential construction" is further defined as "construction on single-family or two family dwellings occupied or used, or intended to be occupied or used, primarily for residential purposes, and includes real property pursuant to chapter 499B." Iowa Code § 572.1(10).

Neither subsection applies in this instance. Section 572.32 only allows the award of attorney fees for a prevailing plaintiff or for a prevailing defendant if the lien was filed on "residential construction" property. Here, the record is replete with references to this property being a six-plex—six separate units meant to house six individuals or families.[6] "Because an award of attorney fees are a derogation of the common law, attorney fees 'are generally not recoverable as damages in the absence of a statute or a provision in a contract." *Branstad v. State ex rel. Nat. Res. Comm'n*, 871 N.W.2d 291, 294 (Iowa 2015) (citation omitted). "The statutory authorization must be express and 'must come clearly within the terms of the statute.'" *Id.* (citation omitted).

We reverse the district court's award of attorney fees to the defendants. Additionally, we deny the defendants' request for appellate attorney fees.

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[6] We note the defendants would not be able to recover attorney fees under Iowa Code section 572.32(2) (2011) either. Before the statute was amended in 2012, it limited attorney fees to prevailing parties challenging a lien "filed on an owner-occupied dwelling." Iowa Code § 572.32(2). As noted above, this property was a rental property, and there is nothing in the record that suggests that the Lotts lived in the six-plex.