**MOORE'S BUILDER AND CONTRACTOR, INC.,**
**Plaintiff-Appellee,**

v.

**Elizabeth J. HOFFMAN,**
**Defendant-Appellant.**

**No. 85–1685.**

Court of Appeals of Iowa.

May 28, 1987.

---

1. *See* Iowa Code §§ 441.31–.35 (1985).

———————

Larry Woods, Oelwein, for defendant-appellant.

Robert J. Hearity, Oelwein, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiff, Moore's Builder and Contractor, Inc., contracted with defendant, Elizabeth Hoffman, to perform extensive remodeling on her home in Oelwein, Iowa. The written contract provided for a total price of $41,840, to be paid as follows: $2,000 when the contract was signed; $7,500 when the doors and windows arrived; $9,000 when construction began; $16,000 when the roof was finished on the addition; $5,000 when the addition was drywalled, and the balance upon completion. Plaintiff's president, Dennis F. Moore, began work on defendant's house in July of 1982. During the initial stages of construction defendant remained in Oelwein and monitored the construction. In the middle of August she left for California to prepare for her move to Iowa. Defendant made the first four payments, totalling $34,500, but did not make the fifth scheduled payment. Mr. Moore drywalled the addition in the first part of September; as provided by the written contract he requested defendant make her fifth payment of $5,000. Payment was not received, but Mr. Moore was notified by defendant that she would be returning to Iowa at the end of the month. Upon her return defendant inspected the house with Mr. Moore and made clear her numerous complaints. Mr. Moore told her no further work would be completed until the amount due was paid and proceeded to walk off the job. On October 8, 1982, Mr. Moore, acting as plaintiff's representative, filed a mechanic's lien against defendant.

On October 26, 1982, plaintiff commenced an action to foreclose on its mechanic's lien. Defendant answered on November 19, 1982, and amended her answer on October 28, 1983, therein adding a counterclaim. A month later defendant filed a jury demand. Both parties conducted extensive discovery involving interrogatories, depositions, and the production of various documents. Finally, on July 26, 1985, this matter proceeded to trial. In this proceeding the mechanic's lien was submitted to the court sitting in equity and the counterclaim was tried to the jury. The jury returned a verdict in favor of Moore's Build-er and Contractor, Inc., and on August 23, 1985, the trial court entered an order foreclosing the mechanic's lien against defendant. From this judgment defendant has appealed.

Defendant contends the district court erred by concluding substantial compliance would entitle the builder to the entire balance of the contract price. Defendant also contends the court erred by instructing the jury that substantial compliance by the builder would bar counterclaims based upon breach of express warranties or implied warranties of fitness. Finally, defendant contends the district court abused its discretion by refusing to let her take a deposition to perpetuate the testimony of a potential witness who had moved out of state.

### I.

Defendant argues the court did not correctly apply the law and as a result the plaintiff was only entitled to the contract price, minus any deductions for any defects in performance.

An action to enforce a mechanic's lien is an equitable proceeding. Iowa Code § 572.26 (1985). Our review of the equity portion of this proceeding is de novo. Iowa R.App.P. 4. While we give weight to the findings of the trial court, especially where credibility of witnesses is involved, we are not bound by them. Iowa R.App.P. 14(f)(7).

Initially defendant makes a brief argument that there was not substantial compliance by plaintiff to the provisions of the original contract. Substantial performance allows only the omissions or deviations from the contract that are inadvertent or unintentional, not the result of bad faith, do not impair the structure as a whole, are remedial without doing material damages to other portions of the building, and may be compensated for through deductions from the contract price. *Littell v. Webster County*, 152 Iowa 206, 215, 131 N.W. 691, 694 (1911). From the evidence presented in the record, we find that any omission plaintiff made was minor, and plaintiff did sub-

stantially comply with the original construction contract.

Defendant next contends the trial court applied the wrong legal principle in making its equitable decision. Both parties agree upon the rule, "when the contractor has substantially complied with his contract he is entitled to recover the contract price with deductions for any defects or incompletions." *S. Hanson Lumber Company v. DeMoss*, 253 Iowa 204, 208, 111 N.W.2d 681, 684 (1961) (citing *Farrington v. Freeman*, 251 Iowa 18, 23, 99 N.W.2d 388, 391 (1959)). We also note the burden of proof regarding the performance of the contract rested on the plaintiff. *Farrington*, 251 Iowa at 24, 111 N.W.2d at 391. Although the burden of proof regarding the showing of substantial performance rests with plaintiff-contractor, the defendant-homeowner has the burden of showing any defects or incompletions. A.L. Corbin, 3A *Corbin on Contracts* § 710 (2d ed. 1960); S. Williston, 6 *Williston on Contracts*, § 842 (3d. ed. 1962). Defendant contends the court allowed payment for work that was defective and incomplete. We disagree.

As already mentioned, plaintiff substantially complied with the construction contract. Therefore we need only consider whether the trial court made deductions from the contract for any defective or incomplete work, and what deductions were, in fact, needed. In its judgment on the mechanic's lien the trial court awarded plaintiff the sum of $8,109.71. The court arrived at this amount by taking the remainder due on the contract price, plus the extras provided, and subtracting the unfinished work. The trial court accepted and used the figures provided by the plaintiff regarding both the extra work done and the work not completed. After a careful and thorough review of the record, we find the trial court's reliance upon these figures reasonable and accept them ourselves. Defendant signed a construction contract in which she promised to pay plaintiff $41,840 for the completion of the project. Defendant approved the plans for the addition and remodeling. Plaintiff did the extra work

which defendant requested; this work totaled $1,410.82. Plaintiff admitted to the court that on September 27, 1982, certain work was not completed. This work involved the installation of bathroom plumbing, a heating register, and a light fixture. Plaintiff valued the work needed to be completed at $645.11. Defendant contends the court did not correctly deduct from its judgment the defective work performed by plaintiff. Plaintiff substantially performed the contract. Regarding the mechanic's lien, defendant failed her burden of showing any defects beyond those found by the court. Defendant obviously had some complaints about the work done and, although the work may not have met her satisfaction, it doesn't make it legally defective.

## II.

Defendant contends the trial court incorrectly instructed the jury. Specifically she contends the court erred in the instruction that substantial performance by the contractor bars her from recovery on either an implied warranty of fitness or breach of express warranty. We agree and reverse on this issue.

Our scope of review regarding the jury trial is on assigned error of law. Iowa R.App.P. 4. Therefore, this case is reviewed as tried in the court below. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa App.1979). If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. *Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 502 (Iowa 1975). Iowa R.App.P. 14(f)(1). But the reviewing court is not bound by the trial court's determination of law. *Mosebach*, 282 N.W.2d at 759.

As already mentioned, the plaintiff's action for foreclosure of their mechanic's lien was tried exclusively to the court. The jury trial consisted of defendant's counterclaims that plaintiff breached an implied warranty of fitness and express warranties. During the instruction of the jury the court used the following:

### INSTRUCTION NO. 21B

If you find that Moore Builder and Contractors, Inc., substantially performed

his contract and justifiably abandoned the performance of the remaining part of the contract, then recovery by Elizabeth Hoffman on her counterclaim for damages may not be granted.

On appeal defendant contends this instruction was a misstatement of the law.

 Defendant's counterclaim was not a defense, except as it may have diminished plaintiff's recovery, but it was a separate cause of action. Iowa R.Civ.P. 32. A counterclaim is "a cause of action in favor of defendant on which he might have sued plaintiff and obtained affirmative relief in a separate action; a cause of action existing in favor of defendant against plaintiff." *Grantham v. Potthoff-Rosene Co.*, 257 Iowa 224, 232, 131 N.W.2d 256, 260 (1965). In this case defendant's counterclaim was based upon breach of express warranty and implied warranty of fitness. In a construction contract it is implied that the building will be erected in a reasonably good and workmanlike manner and that it will be reasonably fit for the intended purpose. *Kirk v. Ridgway*, 373 N.W.2d 491, 493 (Iowa 1985); *Busker v. Sokolowski*, 203 N.W.2d 301, 303 (Iowa 1972).

 Through the use of instruction number 21B the trial court, in effect, established substantial performance as a complete bar to defendant's counterclaim. We note and accept the following:

> [T]he doctrine of substantial performance is merely an equitable doctrine that was adopted to allow a contractor who has substantially completed a construction contract to sue on the contract rather than being relegated to his cause of action for quantum meruit. The doctrine does not, however, permit the contractor to recover the full consideration provided for in the contract. By definition, this doctrine recognizes that the contractor has not totally fulfilled his bargain under the contract—he is in breach. Nonetheless, he is allowed to sue on the contract, but his recovery is decreased by the cost of remedying those defects for which he is responsible.

*Vance v. My Apartment Steak House, Inc.*, 677 S.W.2d 480, 482 (Tex.1984). This concept has been accepted in this jurisdiction. *See Farrington*, 251 Iowa at 23, 99 N.W.2d at 391. Substantial performance is the condition, the fact that must exist, before the owner (defendant here) has a duty to pay. A.L. Corbin, 3A *Corbin on Contracts*, § 701 (2nd ed. 1960). It relates to the contractor's attempt to enforce the construction contract. In *Corbin on Contracts*, we find and adopt the following:

> When we use the term "substantial performance of a promissory duty," we always mean something less than full and exact performance of that duty. As so used, therefore, substantial performance is not a complete discharge of duty. *It is not a defense in a suit against the building contractor for damages.* Judgment will not be prevented from going against him in such a suit by his averring and proving that he performed almost in full, that his deviations have been small, that the owner can live comfortably in the house, or that the value to the owner is very nearly as great as it would have been had exact performance been rendered. (Emphasis added.)

A.L. Corbin, 3A *Corbin on Contracts*, § 702 (2d ed. 1960). Substantial performance, as defined by the court's instructions, was a defense to defendant's warranty claims. The court blurred the assigned duties when he used instruction 21B. The court's job as the sole decision maker of plaintiff's action to foreclose on its mechanic's lien was to determine whether substantial performance had taken place and subtract any defects or incompletions. While the jury was to determine whether defendant's warranty claims had any merit. Through its misstatement of the law, the trial court impermissibly interfered with the jury's duties.

 The trial court erred when it instructed the jury that substantial performance was an absolute bar to her claims. A misstatement of the law in a jury instruction is reversible error. *Brown v. Lyon*, 258 Iowa 1216, 1222, 142 N.W.2d 536, 539 (1966). On this basis we reverse and remand for new trial on defendant's claim of breach of express and implied warranty.

On appeal defendant also contends the trial court erred in not allowing her to take a deposition to perpetuate testimony. Because we have reversed and remanded for new trial, we do not address this contention regarding discovery in the first proceeding. We note, however, there will be sufficient time upon remand wherein the disputed testimony may be preserved.

REVERSED AND REMANDED.