Fern BIDWELL, Plaintiff–
Appellee/Cross–
Appellant,

v.

MIDWEST SOLARIUMS, INC., d/b/a
Four Seasons Greenhouses, Defen-
dant–Appellant/Cross–Appellee.

MIDWEST SOLARIUMS, INC., d/b/a
Four Seasons Greenhouses, Defen-
dant–Counterclaimant/Appellant,

v.

Fern BIDWELL and Elizabeth L. Beards-
ley, a/k/a Elizabeth Lucinda Beardsley,
Defendants to Counterclaim/Appellees.

No. 94–1932.

Court of Appeals of Iowa.

Nov. 27, 1995.

Gregg L. Owens and James C. Ladegaard of Ladegaard & Maahs, Spirit Lake, for appellant.

William K. Klinker of Smith, Grigg, Shea & Klinker, P.C., Primghar, for appellees.

Heard by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

Plaintiff Fern Bidwell (Bidwell) contracted with defendant Midwest Solariums, Inc. for the construction of a sunroom onto her house

for $18,948. According to the terms of the contract, Bidwell was to pay ten percent of the contract price upon acceptance of the proposal ($1894.80), forty percent within ten days of acceptance ($7579.20), thirty percent upon delivery of the unit ($5684.40), fifteen percent upon completion ($2842.20), and five percent upon completion of electrical ($947.40). After the construction started, Bidwell complained the walls of the sunroom were too high, leaving insufficient window area. She claimed the constructed sunroom was not the four-season sunroom she agreed to have Midwest build.

After the sunroom was completed, Bidwell claimed the sunroom was too cold to use in the winter. Midwest claims this problem could be corrected by baseboard heating and a booster fan for a cost of $400. Bidwell claims her use of space heaters was not adequate to heat the sunroom. Bidwell introduced evidence the heating problem could be corrected by the replacement of the metal windows with wooden-frame windows at a cost of $4050. Midwest contends there was no foundation for this evidence.

Bidwell paid all but $3790.20. Midwest filed a mechanic's lien. Bidwell brought this suit.[1] Midwest counterclaimed seeking foreclosure of its mechanic's lien.

The case proceeded to trial. On September 22, 1994, the district court granted Bidwell damages for breach of contract. The court determined the measure of damages should be the cost of replacing the window's metal frames with wooden frames which would not conduct the cold. The court determined the replacement cost to be $4050 and awarded this amount. In this respect, the court in its findings stated:

> Plaintiff's testimony establishes new windows could be placed in the sunroom at a cost of $4050. Plaintiff's witnesses testified that the windows should be replaced with wooden-frame windows which do not conduct the cold like metal-frame windows.

The district court refused to foreclose on Midwest's mechanic's lien on the basis Mid-

west did not establish it substantially performed the contractual terms. It dismissed Midwest's counterclaim.

Midwest appeals. Bidwell cross-appeals.

 **I. Mechanic's Lien.** Midwest contends the district court erred in denying its counterclaim for foreclosure of its mechanic's lien. An action to enforce a mechanic's lien is in equity and our review is de novo. Iowa Code § 572.26 (1993); *Sulzberger Excavating, Inc. v. Glass*, 351 N.W.2d 188, 191 (Iowa App.1984). Weight will be given to the findings of fact and credibility determinations of the district court, especially in mechanic's lien cases. *Giese Constr. Co. v. Randa*, 524 N.W.2d 427 (Iowa App.1994).

 In order to successfully enforce a mechanic's lien, substantial performance of the contract is required. *See Moore's Builder & Contractor, Inc. v. Hoffman*, 409 N.W.2d 191, 193 (Iowa App.1987); 53 Am. Jur.2d *Mechanics' Liens* § 51, at 563 (1970) ("A contractor cannot successfully assert a mechanic's lien upon the property where there has been only part performance or a lack of substantial performance of the contract.").

> Substantial performance allows only the omissions or deviations from the contract that are inadvertent or unintentional, not the result of bad faith, do not impair the structure as a whole, are remedial without doing material damages to other portions of the building, and may be compensated for through deductions from the contract price.

*Moore's Builder*, 409 N.W.2d at 193.

 In deciding the mechanic's lien could not be enforced in the counterclaim, the district court stated there was not substantial performance due to the breach of the contract and the breach of the implied warranty of fitness for a particular purpose. Specifically, the court found the four-season sunroom as constructed by Midwest was too cold to be used in the winter.

---

1. Plaintiff set forth a number of legal theories in her petition and, in addition, alleged a rescission claim by way of an amendment during the course of the trial. Except for the claim(s) ad-dressed by us in this appeal, the others are not touched on for it does not appear the court's denial of relief on those claims is challenged by plaintiff in her cross-appeal.

Upon our de novo review of the evidence, we find the district court's characterization of the performance by Midwest to be incorrect. We do not believe the breach relied upon by the district court rises to the level of the omissions or deviations defined in *Moore's Builder*. We find there was substantial performance,[2] and the omission or deviation is one which was not the result of bad faith. In addition, the defect is of the type that can be compensated for, either through a reduction in the contract price or the awarding of a judgment (as the trial court did) to enable Bidwell to correct the defect.

Under the circumstances here, the balance due Midwest on its contract must be accounted for. As explained under division II, Bidwell is entitled to judgment of $4050. With the awarding of that amount, Bidwell is made whole and, subject to the reduction explained later, Midwest is entitled to judgment against Bidwell for the balance due on the contract of $3790.

■ **II.** *Damages.* We turn next to Bidwell's claim of damages. Even though there is substantial performance on the part of Midwest, this is not a complete discharge of Midwest's promissory duty. In *Moore's Builder*, we approved the following from *Corbin on Contracts*:

> When we use the term "substantial performance of a promissory duty," we always mean something less than full and exact performance of that duty. As so used, therefore, substantial performance is not a complete discharge of duty. *It is not a defense in a suit against the building contractor for damages.* Judgment will not be prevented from going against him in such a suit by his averring and proving that he performed almost in full, that his deviations have been small, that the owner can live comfortably in the house, or that the value to the owner is very nearly as great as it would have been had exact performance been rendered. [Emphasis supplied.]

*Moore's Builder*, 409 N.W.2d at 195 (quoting A.L. Corbin, 3A *Corbin on Contracts* § 702 (2d ed. 1960)). Thus, Bidwell is still entitled to seek damages and, as set forth above, judgment will not be prevented by mere proof on the part of Midwest that it "performed almost in full."

■ Midwest contends the district court erred in calculating the damages awarded to Bidwell. We review for corrections of errors of law. Iowa R.App.P. 4; *R.E.T. Corp. v. Frank Paxton Co.*, 329 N.W.2d 416, 418–19 (Iowa 1983). The district court's findings of fact have the force of a special verdict and are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We view the evidence in the light most consistent with the judgment. *R.E.T. Corp.*, 329 N.W.2d at 419. Our deference to the district court does not extend to its determinations of law. *Blunt, Ellis & Loewi, Inc. v. Igram*, 319 N.W.2d 189, 192 (Iowa 1982).

■ The purpose of a damage suit is compensation; the goal is to place the injured party in as favorable a position as though no wrong had occurred. *R.E.T. Corp.*, 329 N.W.2d at 421. Damages are awarded to place the injured party in the same position as that party would have been in if there had been no injury. *Giese Constr.*, 524 N.W.2d at 432. "In defective construction cases, damages may include diminution in value, cost of construction, and completion in accordance with the contract, or loss of rentals." *R.E.T. Corp.*, 329 N.W.2d at 421.

Our supreme court in *Conrad v. Dorweiler*, 189 N.W.2d 537 (Iowa 1971), adopted section 346(1) of Restatement of Contracts as the standard for determining the damages available to an owner against a mechanic's lien claimant. Roger W. Stone, *Mechanic's Liens in Iowa*, 30 Drake L.Rev. 77, 78 (1980). Under that section, Bidwell is entitled, as compensatory damages (subject to certain provisions as set forth in that section), "the reasonable cost of construction and completion in accordance with the con-

---

**2.** From the pleadings, we are not convinced the question of substantial performance should have been an issue, for plaintiff alleged in her petition at paragraph six of count I, "The sunroom addition was substantially completed on September 1, 1992." This allegation was asserted in the subsequent counts of plaintiff's petition and was admitted in defendant's answer.

tract if this is possible and does not involve unreasonable economic waste." *Conrad v. Dorweiler,* 189 N.W.2d 537, 540 (Iowa 1971) (quoting Restatement of Contracts § 346(1)(a)(i) (1932)). We find the district court's award of $4050 for the replacement of the window frames is supported by substantial evidence.

 **III.** *Judgment Reduction.* Our inquiry is not yet complete. We must dispose of Midwest's claim it is entitled to foreclosure of its mechanic's lien to satisfy the balance due on the contract of $3790. We turn to the comment to section 346(1) of Restatement of Contracts:

> *i.* If the builder has himself committed some breach that is too slight to deprive him of his right to the agreed compensation, his judgment for damages for the defendant's breach will not be affected thereby unless in the same action the defendant establishes a right to a definite amount as damages for the builder's minor breach. If the defendant establishes such a right, the builder's judgment will be correspondingly reduced.

Restatement of Contracts § 346(1) cmt. *i* (1932).

Midwest is entitled to the balance due on the contract of $3790. Bidwell now has judgment against Midwest in the amount of $4050. Normally, the amount owed a builder exceeds the damages awarded the owner and under those circumstances the builder's judgment would be reduced accordingly. Using that same principle here, by reducing Midwest's judgment by Bidwell's judgment, Midwest finds itself in a negative position. Bidwell's judgment must be reduced to $260 ($4050 minus $3790) and Midwest takes nothing. The trial court's ruling is modified accordingly. It goes without saying, under these circumstances, Midwest is not entitled to foreclosure of its mechanic's lien.

 Midwest's request for attorneys fees must be denied. Where the costs incurred by the owner to complete the contract exceeds the amount due the builder in a mechanic's lien foreclosure action, it cannot be said the builder was the "successful" party entitled to attorneys fees under section 572.32 of the Iowa Code.

 **IV.** *Rescission of the Contract.* On cross-appeal, Bidwell contends the district court erred in failing to rescind the contract between Bidwell and Midwest. In order to obtain a rescission, there must be a breach so substantial it defeats the object of the contracting parties. *Beckman v. Carson,* 372 N.W.2d 203, 208 (Iowa 1985). We find the district court properly found the breach was not so substantial it defeated the object of the parties. The district court did not err.

In conclusion, we modify the court's decree by reducing Bidwell's judgment to $260. We affirm, on cross-appeal, the district court's ruling denying rescission of the contract. We deny Midwest's claim for attorneys fees and foreclosure. We assess costs on appeal one-half to appellant and one-half to appellee.

**REVERSED IN PART, AFFIRMED IN PART, JUDGMENT MODIFIED; AFFIRMED ON CROSS–APPEAL.**