# IN THE COURT OF APPEALS OF IOWA

No. 20-0432
Filed June 30, 2021

**CORE STRUCTURAL SERVICES, LLC,**
    Plaintiff-Appellant,

**vs.**

**NEUMANN BROTHERS, INC., NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS, and FEDERAL INSURANCE COMPANY,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.

Core Structural Services LLC appeals the district court's denial of its motion for attorney fees incurred during arbitration. **REVERSED AND REMANDED.**

Bradley M. Beaman and Frank M. Swanson of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Aaron J. Redinbaugh and Kevin J. Driscoll of Finley Law Firm, P.C., Des Moines, for appellees.

Heard by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Core Structural Services, LLC (Core) appeals the district court's denial of its motion for attorney fees incurred during arbitration. We find the attorney fees incurred during an integrally-related contract arbitration may be awarded at the court's discretion under the statutory provision for mechanic's lien attorney fees. We reverse and remand for the district court to consider Core's attorney-fees request.

### I. Background Facts & Proceedings

In October 2016, the North Central States Regional Council of Carpenters (NCSRCC) hired Neumann Brothers, Inc. (Neumann) as general contractor to build a training center. On January 12, 2017, Neumann contracted Core as the exterior concrete subcontractor for sidewalks and parking lots. The sidewalk was to include curved bands alternating between natural gray and red-colored concrete. The contract between Neumann and Core included a mandatory arbitration provision which stated,

> [A]ll claims, disputes and other matters in question arising out of or relating to this subcontract or the breach thereof, except claims which have been waived by the making or acceptance of final payment, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. . . . The cost of any arbitration shall be shared equally by the parties participating, unless otherwise ordered by the arbitrator(s).

During installation of the concrete, Core was paid $924,599.64. A dispute arose over workmanship defects in portions of the sidewalks. In particular, some of the red concrete in the sidewalks had "chips, cracks, spalls, gray smears, and color variation and texture." NCSRCC withheld payment from Neumann, and

Neumann, in turn, withheld the balance still owed to Core—$161,587.40. Core and Neumann did not agree as to the appropriate repair for the sidewalk panels. Core estimated repairs would cost $10,879.27. Neumann preferred removing and replacing the red concrete at an estimated cost of $86,992.00—or $141,895.00 to replace the entire sidewalk.

In January 2018, Core filed and perfected a mechanic's lien against the property for the balance owed under Iowa Code chapter 572 (2018). Neumann posted a bond to discharge the lien on behalf of NCSRCC with Federal Insurance Company (FIC) as surety.[1]

On August 7, Core initiated arbitration proceedings against Neumann pursuant to their contract seeking payment for the outstanding contractual balance of $161,587.40. Core's arbitration filing did not include a request for attorney fees. Neumann requested attorney fees under a contract provision.[2]

On September 13, Core filed a petition in the district court against Neumann, NCSRCC, and FIC pursuant to Iowa Code section 572.24 to foreclose the lien and recover from the bond. The petition included a request for attorney

---

[1] Neumann posted bond for twice the amount claimed by Core to discharge the mechanic's lien, as allowed under Iowa Code section 572.15.

[2] The remedies section of the contract provides,

> If the subcontractor defaults or neglects to carry out the work in accordance with this subcontract and fails . . . to commence and continue correction of such default or neglect with diligence and promptness, the contractor may . . . make good such deficiencies and may deduct the cost thereof from the payments then or thereafter due the subcontractor. . . . Should the contractor employ an attorney to enforce its rights hereunder, the subcontractor agrees to pay contractor's attorneys' fees.

fees under section 572.32.[3]  The petition did not mention the previously-initiated arbitration proceedings.  The defendants answered, raising the mandatory arbitration provision as an affirmative defense.  The parties agreed to concurrent actions rather than staying the district court matter; however, the trial on the mechanic's lien recovery-on-bond action was continued until after the arbitration.

On August 8, 2019, the arbitrator found, "Core breached the subcontract and is responsible for the workmanship issues as determined above (chips, spalls, and gray smears)."  The arbitrator next considered the proper method of repair—whether all the concrete should be removed and replaced as Neumann suggested, or if the existing concrete should be remediated as Core proposed.  The arbitrator considered the various methods of repair or replacement, and found the method proposed by Core's expert at the hearing—which differed from Core's original proposed repairs—was "the best and most appropriate method of repair from a legal and technical standpoint."  Part of the arbitrator's reasoning was the cost to repair was not disproportionate to the value of the original work.[4]

The arbitrator calculated the total cost of repair as $22,739.28 and found Core was liable for the costs of repair due to breaching the contract.  The arbitrator reduced the contract balance owed to Core by the cost of repair and ordered Core recover the remaining balance of $138,848.12.  The arbitrator also determined a

---

[3] Iowa Code section 572.32(1) provides, "In a court action to enforce a mechanic's lien, a prevailing plaintiff may be awarded reasonable attorney fees."

The Iowa General Assembly recently extended the statute and, effective January 1, 2022, discretionary attorney fees may be awarded to prevailing *parties*, not just a prevailing plaintiff.  *See* 2021 Iowa Acts ch. 72 § 2 (to be codified at Iowa Code § 572.32).

[4] Core's cost to install the original red concrete was $26,157.17.

contractual pay-if-paid provision applied, conditioning Core's recovery on NCSRCC's payment to Neumann. The arbitrator specifically denied Neumann's request for attorney fees and denied Core's request for expert costs and administrative expenses.

On August 28, Core sought confirmation of the arbitration award in the mechanic's lien recovery-on-bond action.

Core filed a motion seeking the following costs and fees incurred during the arbitration: $59,016.50 for attorney fees; $5812.51 for costs; and pursuant to section 535.2(1)(a), $12,727.74 for interest on the award. Neumann responded with its own motion seeking $52,750 in attorney fees and $5654.51 for costs, claiming they were the prevailing party at arbitration because Core breached the contract. Neumann also stated NCSRCC had not paid Neumann when Core sought confirmation of the award, so payment was not due under the pay-if-paid provision.

The district court reviewed the motions and ruled because the arbitrator found Core is owed money, "to the extent that it has to seek judgment on the bond, Core is the prevailing party under chapter 572." The court found the surety bond constituted NCSRCC's payment to Neumann for purposes of the pay-if-paid provision, triggering Core's right to recover the arbitration award. The court then ruled "all of the attorney and witness fees, and costs for mileage, transcripts[,] and copies were incurred or expended in and for the mandatory arbitration proceedings and not in or for this mechanic's lien action." The court further noted, "Core's action on the bond was not necessary until such time as an arbitration award was made and not paid," therefore the fees and costs related to the contract and breach were

before the arbitrator. The court concluded, "The arbitrator found that there was no contractual or statutory provision for payment of fees, costs[,] and expenses in arbitration. This was the arbitrator's call to make." The court did award Core post-arbitration interest, limited attorney fees for the application for post-arbitration interest on the judgment, and filing fees for the action.

Core filed an Iowa Rule of Civil Procedure 1.904(2) motion to reconsider regarding the attorney fees and costs portion of the court's ruling. The court denied the motion and clarified, "the court did not find that the issue of attorney fees pursuant to Iowa Code section 572.32 was before the arbitrator. Rather, the court found that most of the plaintiff's attorney fees were incurred in and subject to the arbitration process and not the chapter 572 proceeding."

Core appeals.

## II. Standard of Review

Core asserts this is a matter of statutory interpretation and our review is for correction of errors at law. *See Standard Water Control Sys., Inc. v. Jones*, 938 N.W.2d 651, 656 (Iowa 2020). The defendants contend the district court exercised its statutory discretion under Iowa Code section 572.32 in not awarding Core attorney fees for the arbitration action, so our review is for abuse of discretion. *See Tri-State Agri Corp. v. Clasing*, No. 00-1344, 2001 WL 1658852, at *6–7 (Iowa Ct. App. Dec. 28, 2001) (examining court's discretion under section 572.32). Each standard of review is correct in terms of the parties' framing of the issues.

To the extent we review the legal question of whether arbitration attorney fees and costs can be included in a mechanic's lien attorney fee award, we review for correction of errors at law. *See Standard Water*, 938 N.W.2d at 656. To the

extent fees can be awarded under the statute, we review the district court's decision for an abuse of discretion. *See NCJC, Inc. v. WMG, L.C.*, ___ N.W.2d ___, ___, 2021 WL 2171604, at *2 (Iowa 2021) ("Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable. [M]isapplication of the statute constitutes an abuse of discretion." (citations omitted)).

### III. Analysis

On appeal, Core claims attorney fees incurred during an arbitration are recoverable under Iowa Code section 572.32 when the arbitration is necessary for enforcement of a mechanic's lien. The defendants respond that if the arbitration was a separate action, the fees are not recoverable; if the arbitration attorney fees are part of the mechanic's lien action, the issue should have been raised before the arbitrator. However, the defendants primarily frame the issue before us as whether the district court abused its discretion in declining to award attorney fees for the "separate and distinct arbitration." *See* Iowa Code § 572.32 (noting "a prevailing plaintiff *may* be awarded reasonable attorney fees" (emphasis added)). We will first determine if arbitration attorney fees are recoverable under section 572.32, and if so, evaluate the court's use of discretion.

In Iowa, attorney fees are "not allowed 'in the absence of a statute or agreement expressly authorizing'" them. *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010) (citation omitted). No fees can be taxed unless the case clearly falls within the terms of the statute or agreement. *Id.* (citation omitted).

The parties do not dispute that any attorney fee award would be based in mechanic's lien law. A mechanic's lien is a lien against the improved property or

land to secure payment for material and labor provided to improve the property. Iowa Code § 572.2(1). Recently, our supreme court observed "we liberally construe the mechanic's lien statute," which is based on principles of equity, restitution, and the prevention of unjust enrichment. *Standard Water*, 938 N.W.2d at 658. We also "generously construe statutes authorizing an award of fees to a prevailing party." *Id.* (citation omitted). A claimant who "is entitled to enforce [a] mechanic's lien" is a "successful plaintiff" under the statute and may be awarded attorney fees under Iowa Code section 572.32. *Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 22–23 (Iowa 2001).[5] The attorney fees awarded are part of the mechanic's lien foreclosure, not a separate judgment. *See Standard Water*, 938 N.W.2d at 664.

We do not agree with the defendants' contention that the arbitration is separate and distinct from the lien action. Rather, the lien-foreclosure claim and the contract claim are integrally related, and the contract arbitration decision— evaluating Core's performance and Neumann's obligation—was a prerequisite to the lien enforcement. *See Bidwell v. Midwest Solariums, Inc.*, 543 N.W.2d 293, 295 (Iowa Ct. App. 1995) (requiring the establishment of substantial performance before enforcement of a mechanic's lien); *see also Ronnisch Constr. Grp., Inc. v. Lofts on the Nine, LLC*, 886 N.W.2d 113, 122 (Mich. 2016) (holding if a plaintiff was able to establish that it prevailed on its arbitration breach-of-contract claim, it would have prevailed in its "action to enforce a construction lien through

---

[5] The supreme court has permitted the district court to award appellate attorney fees, observing, "Section 572.32 in no way limits attorney fees to those incurred in the district court." *Schaffer*, 628 N.W.2d at 23.

foreclosure" (citation omitted)). Without the arbitration clause, the contractual issue decided by the arbitrator would have been before the court in the mechanic's lien action. *See* Iowa Code § 572.24(2) ("The court shall make written findings regarding the lawful amount and the validity of the mechanic's lien.").

The arbitration award here is determinative of the contractual amount owed in the mechanic's lien recovery-on-bond action. *See Deerfield Constr. Co. v. Crisman Corp.*, 616 N.W.2d 630, 633 (Iowa 2000) (accepting that the arbitration award settled the amount owed on the contract, though unpaid interest precluded summary judgment in the mechanic's-lien foreclosure action).

Considering the principles of equity, restitution, and prevention of unjust enrichment underlying the mechanic's lien statutes, *see Standard Water*, 938 N.W.2d at 658, we determine attorney fees incurred during arbitration of the critical issue of the lawful amount of the lien *may* be recovered by a prevailing plaintiff under section 572.32. Requiring the claimant to pay attorney fees in the arbitration action which would otherwise be compensable in the mechanic's-lien foreclosure action would defy the liberal construction of the mechanic's lien statute and generous construction of attorney fee statutes. *See id.*

The defendants briefly argue "If the arbitration attorney fees were a part of Core's mechanic's lien action, Core had to raise the issue to the arbitrator." We disagree. Iowa's arbitration statutes do not include a stand-alone statutory authorization for an award of attorney fees outside a provision in the arbitration agreement. *See* Iowa Code § 679A.10 ("Unless otherwise provided in the agreement to arbitrate, and except for counsel fees, the arbitrators' expenses and fees and any other expenses incurred in the conduct of the arbitration shall be paid

as provided in the award."). The arbitration agreement between the parties states, "The cost of any arbitration shall be shared equally by the parties participating, unless otherwise ordered by the arbitrator"; it has no provision authorizing the arbitrator to award attorney fees. The arbitrator did not have authorization under the contract to award attorney fees. Further, any attorney fees awarded under section 572.32 are awarded as part of the lien against the property or the bond posted. Neither the owner of the property, NCSRCC, nor the bond surety, FIC, were part of the arbitration, but both would be necessary parties to an award under the mechanic's lien statute. The arbitration simply determined the appropriate amount owed for the contractual portion of the lien. It was for the court to determine the full amount due on the lien (or bond) foreclosure, including any award of attorney fees.

Neumann also argues the district court properly exercised its discretion in not awarding attorney fees for the arbitration; Neumann does not argue the court did not have the authority to do so. However, the language used by the district court indicates it did not consider the attorney fees from the arbitration were awardable under section 572.32:

> Any issues pertaining to fees (including attorney fees), costs[,] and expenses were questions arising out of or relating to the Subcontract or the breach thereof, and were properly before the Arbitrator. The Arbitrator found that there was no contractual or statutory provision for payment of fees, costs[,] and expenses in arbitration. This was the Arbitrator's call to make.

Following a motion to reconsider, the court specifically stated "most of the plaintiff's attorney fees were incurred in and subject to the arbitration process, and not the chapter 572 proceeding." The court clearly did not believe it had the

discretion to award the fees relating to the contract arbitration as part of the mechanic's lien action.

As discussed above, the arbitration proceedings were integrally related to the lien on a question that would otherwise have been part of the lien action. Under these circumstances, the court has the discretion to review the fees requested and may account for the relevance of the incurred fees to the mechanic's lien in its award. *See Standard Water Control Sys. v. Jones*, 888 N.W.2d 673, 679 (Iowa Ct. App. 2016) (remanding to the district court to consider the factors including time spent, nature and extent of representation, the amount claimed, the difficulty of the case, responsibility and results, and the attorney's standing and experience in its determination of reasonable attorney fees).

The district court did not exercise discretion in its denial of attorney fees relating to the arbitration. Because we conclude the court did have the discretion to award attorney fees here, we reverse and remand for the district court to consider Core's attorney-fees request.

**REVERSED AND REMANDED.**